## MONROE v. MORTEN INV. CO.

### No. 12078.

Court of Civil Appeals of Texas. Dallas.

Dec. 12, 1936.

Rehearing Denied Jan. 23, 1937.

Eugene De Bogory and Owen T. Lewis, both of Dallas, for appellant.

Touchstone, Wight, Gormley & Price, of Dallas, for appellee.

BOND, Justice.

B. C. Monroe instituted this suit against Morten Investment Company, a corporation, for the sum of $288, together with an additional sum of $20, as attorney's fee, for wages from December 8, 1933, to May 8, 1934, which the plaintiff alleged were due him on an oral contract. Omitting the preliminary and nonessential allegations of plaintiff's petition, that part of the same material to the point now under consideration is, as follows:

"That on or about May 6, 1933, defendant corporation employed the plaintiff, by oral agreement and contract, to work and labor in the capacity of chief engineer in said defendant's apartment hotel known as Cliff Towers, at the sum of Eighty ($80.00) Dollars per month, by the terms and conditions of which contract of employment said plaintiff was to work 80 hours a week.

"That on December 8, 1933, there was promulgated and put into effect under the terms of the National Recovery Administration a uniform code in the industry in which he was employed. That at the time said code went into effect, to-wit, December 8, 1933, defendant entered into an oral agreement with the plaintiff that in addition to the monthly salary which they had previously paid him, it would pay him for the hours which he would work over and above the number of hours specified in said code, to-wit 54 hours per week, a sum equivalent to one and one-third times the amount per hour that was paid to him in salary; or in other words, that he was to receive what is generally known as time and a third for all overtime work.

"That the plaintiff proceeded to work under said agreement, and from said 8th day of December, 1933, to the 28th day of May, 1934, a period of 25 weeks. That during all of said 25 weeks he worked 30 hours overtime each week, and thereby be-

594

came entitled under said agreement to remuneration under said contract of $11.52 per week for 25 weeks, in the total sum of $288.00. That said sum of $288.00 is the accrued overtime wage which defendant owes to this plaintiff for the period from December 8, 1933, to May 28, 1934."

The defendant, among other defenses, interposed a general demurrer to plaintiff's petition, and, on hearing, the trial court sustained the demurrer, and, plaintiff declining to amend, entered a final judgment, dismissing plaintiff's suit, from which this appeal is prosecuted.

Evidently, the trial court interpreted the above petition as an attempt on the part of the plaintiff to recover under the National Industrial Recovery Act, promulgated by the government of the United States (title 1, § 1 et seq., as amended, 15 U.S.C.A. § 701 et seq.), and based its action in sustaining the demurrer on the decision of the United States Supreme Court, in Schechter Poultry Corporation v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L. Ed. 1570, 97 A.L.R. 947, declaring the act to be unconstitutional; thus, a contract based solely thereon was null and void.

■ If plaintiff's suit was based alone on the force and effect of the National Industrial Recovery Act, we would be inclined to hold that the petition would be subject to a general demurrer, but, obviously, such is not the basis for the contract as alleged. Plaintiff's petition does not attempt to show any duty which the defendant owes to him as an employee, as a result of the measure. Indeed, neither the scale of wages nor the length of hours of employment of employees is effective by such enactment. The regulating of wages and hours of employment naturally must result from a voluntary contract entered into by the employer and employee. The terms of the act might be the basis of a contract voluntarily entered into by the employer and employee, but the act itself will not impose a liability on an employer, independent of a voluntary contract, should the employer fail to observe its provisions as to the scale of wages and hours of employment exacted of employees coming under the act.

■ We conceive plaintiff's suit to be independent of the terms and conditions of the National Industrial Recovery Act, and such act has no binding force upon the oral contract sued upon; it forms no part of the alleged agreement. Unless it was made a part of the agreement, which is not alleged, its inclusion in the pleadings, disconnected as it is from the alleged oral contract, admits of no proof of its regulatory standard of wages and hours of employment as having the force of law.

■ On general demurrer, it must be presumed that, on December 8, 1933, plaintiff and defendant entered into a voluntary oral contract, by the terms of which plaintiff was to receive the sum of $80 per month on a 54-hour weekly basis, and for overtime at the rate of one and one-third times the amount per hour he was being paid by the plaintiff in salary, aggregating the sum of $288; therefore, admitting and giving every reasonable intendment to the pleadings, we think, it contains all the essential elements and allegations of a suit for a breach of a binding voluntary oral contract, independent of the regulatory standard of wages and hours attempted to be provided by the National Industrial Recovery Act. Accordingly, the judgment must be reversed and the cause remanded to the court below for trial; it is so ordered.

Reversed and remanded.